# 14-1870-cv

## United States Court of Appeals

*for the*

## Second Circuit

N. DEAN PASHA, Doctor,

*Petitioner-Appellant,*

– v. –

JOHN M. JANSHESHKI, STARBOARD INTERNATIONAL, L.L.C.,

*Respondents-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR RESPONDENTS-APPELLEES

PHILIP J. LAYFIELD
LAYFIELD & WALLACE
9170 Irvine Center Drive, Suite 100
Irvine, California 92618
(310) 219-6518

– and –

DONALD DINAN
ROETZEL & ANDRESS, LPA
600 14th Street, NW, Suite 400
Washington, DC 20005
(202) 625-0600

*Attorneys for Respondents-Appellees*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1(a), Appellee Starboard International LLC certifies that there are no corporations that own 10% or more of its stock.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ ii

COUNTER-STATEMENT OF ISSUES PRESENTED ........................................... 1

SUMMARY OF ARGUMENT ....................................................................... 1

STATEMENT OF FACTS ............................................................................. 4

COUNTER-STATEMENT OF STANDARD OF REVIEW ................................. 10

ARGUMENT ........................................................................................... 12

    A.    Review of the Arbitral Award Is Very Limited ................................. 12

    B.    The Arbitrator's Finding That Pasha Failed to Present Evidence of Existence or Amount of Damages Is Fatal To Pasha's Arguments .............................................................................. 13

        1.    There is No Basis to Vacate Or Correct the Award on the Damages Claims Under Section 10(a)(3) ......................... 15

        2.    There is No Basis to Correct or Vacate The Award on the Damages Claims Under Section 10(a)(4) ......................... 16

        3.    Pasha Has Failed to Show Any Manifest Disregard of the Law ...................................................................................... 18

    C.    The District Court Did Not Make Any Error As To The Replacement Joint Venture ................................................................. 21

    D.    The Arbitrator's Determination That There Was Insufficient Evidence of Damages Is Reasonable ................................................. 25

    E.    There Are No Grounds To Vacate Or Correct The Arbitrator's Award With Respect to Pasha's Equitable Claims ........ 30

    F.    Pasha Misrepresents the Record by Claiming That the Arbitrator Found in His Favor But Failed to Award Damages ........... 33

    G.    There is Nothing Left Open to Decide Based on a Future Agreement Not Yet Created ............................................................... 37

    H.    There Is Nothing Contradictory About the Award ........................... 38

CONCLUSION ......................................................................................... 38

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Acierno v. Goldstein*,
   No. CIV.A. 20056-NC, 2005 WL 3111993 (Del. Ch. Nov. 16, 2005) ........15

*Banco de Seguros del Estado v. Mut. Marine Office, Inc.*,
   344 F.3d 255 (2d Cir. 2003) ...............................................................*passim*

*Bermuda Container Line Ltd. v. Int'l Longshoremen's Ass'n, AFL-CIO*,
   192 F.3d 250 (2d Cir. 1999) ................................................... 10-11

*Briehl v. Gen. Motors Corp.*,
   172 F.3d 623 (8th Cir. 1999) .......................................................27

*Campbell v. Am. Family Life Assur. Co. of Columbus, Inc.*,
   613 F. Supp. 2d 1114 (D. Minn. 2009) .......................................16

*Clarendon Nat'l Ins. Co. v. TIG Reinsurance Co.*,
   990 F. Supp. 304 (S.D.N.Y. 1993) .............................................36

*Coca-Cola Bottling Co., Consol., Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen, & Helpers, Local Union No. 991*,
   506 F. Supp. 2d 1052 (S.D. Ala. 2007) .......................................35

*Cofinco, Inc. v. Bakrie & Bros., N. V.*,
   395 F. Supp. 613 (S.D.N.Y. 1975) .............................................36

*ConnTech Dev. Co. v. Univ. of Connecticut Educ. Properties, Inc.*,
   102 F.3d 677 (2d Cir. 1996) .......................................................16

*Dalton v. Ford Motor Co.*,
   No. CIV.A. 00C-09-155WCC, 2002 WL 338081 (Del. Super. Feb. 28, 2002) ...........................................................................14, 20

*Dittrick v. Chalfant*,
   948 A.2d 400 (Del. Ch.) *aff'd*, 935 A.2d 255 (Del. 2007)............31

*Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*,
   282 F.3d 83 (2d Cir. 2002) ........................................................37

*Fairchild Corp. v. Alcoa, Inc.*,
   510 F. Supp. 2d 280 (S.D.N.Y. 2007) .............................12, 14, 31

*Feinstein v. Firestone Tire & Rubber Co.*,
535 F. Supp. 595 (S.D.N.Y. 1982) ...............................................27

*Folkways Music Publishers, Inc. v. Weiss*,
989 F.2d 108 (2d Cir. 1993) .......................................................11

*Gibbons v. Whalen*,
No. CIVA 2008-02-133, 2009 WL 3014325 (Del. Com. Pl. Sept.
21, 2009) *aff'd*, No. CIV.A. S09A-09-003, 2010 WL 8250809 (Del.
Super. Mar. 22, 2010) ................................................................26

*Gunzl v. Veltre*,
No. CIV.A. 2007-05-313, 2008 WL 5160137 (Del. Com. Pl. May
22, 2008) ...........................................................................14, 20

*Hardy v. Walsh Manning Sec., L.L.C.*,
341 F.3d 126 (2d Cir. 2003) ...................................................31, 32

*Hedgeco, LLC v. Schneider*,
No. 08 CIV. 494 (SHS, 2009 WL 1309782 (S.D.N.Y. May 7, 2009) .........26

*Henne v. Balick*,
51 Del. 369, 146 A.2d 394 (1958) ...............................................27

*Kronenberg v. Katz*,
872 A.2d 568 (Del. Ch. 2004) ............................................*passim*

*Laskowski v. Wallis*,
58 Del. 98, 205 A.2d 825 (1964) ................................................14

*Maier-Schule GMC, Inc. v. Gen. Motors Corp. (GMC Truck & Bus Grp.)*,
154 F.R.D. 47 (W.D.N.Y. 1994) ..................................................26

*Michaels v. Mariforum Shipping, S. A.*,
624 F.2d 411 (2d Cir. 1980) .......................................................17

*Olympia & York Florida Equity Corp. v. Gould*,
776 F.2d 42 (2d Cir. 1985) .....................................................35-36

*Osborn ex rel. Osborn v. Kemp*,
991 A.2d 1153 (Del. 2010) .....................................................30, 31

*Oxford Health Plans LLC v. Sutter*,
133 S.Ct. 2064 (2013) ..............................................................12

iii

*Palmer v. Moffat*,
   CIV.A.01C-03-114JEB, 2004 WL 397051 (Del. Super. Feb. 27,
   2004) ..........................................................................................34

*Pike v. Freeman*,
   266 F.3d 78 (2d Cir. 2001) ..........................................................11

*Rame, LLC v. Popovich*,
   878 F. Supp. 2d 439 (S.D.N.Y. 2012) ..........................................19

*Remmey v. PaineWebber, Inc.*,
   32 F.3d 143 (4th Cir. 1994) .........................................................17

*Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*,
   157 F.3d 174 (2d Cir. 1998) ...................................................17, 37

*Strike It Rich, Inc. v. Joseph Schlitz Brewing Co.*,
   505 F. Supp. 89 (D.D.C. 1980)......................................................26

*Success Systems, Inc. v. Maddy Petroleum Equipment, Inc.*,
   316 F. Supp. 2d 93 (D. Conn. 2004) .............................................19

*Unger v. Greenhut*,
   183 F.2d 381 (2d Cir. 1950) .........................................................27

*United Paperworkers Intern. Union, AFL-CIO v. Misco, Inc.*
   484 U.S. 29 (1987)..................................................................11, 13

*Wallace v. Buttar*,
   378 F.3d 182 (2d Cir. 2004) ......................................11, 19, 20, 30

*Westerbeke Corp. v. Daihatsu Motor Co.*,
   304 F.3d 200 (2d Cir. 2002) ...................................................*passim*

*Yahoo! Inc. v. Microsoft Corp.*,
   13 CV 7237, 2013 WL 5708604 (S.D.N.Y. Oct. 21, 2013)....................18, 19

## Statutes & Other Authorities:

Federal Arbitration Act, Section 10 ......................................................1

9 U.S.C. § 10 ...............................................................................2, 12, 37

9 U.S.C. § 10(a)(3)...................................................................12, 15, 16

9 U.S.C. § 10(a)(4)...................................................................12, 16, 17

## COUNTER-STATEMENT OF ISSUES PRESENTED

The only proper issue in this appeal is:

1.     Whether the District Court erred in finding that Appellant had failed to meet his burden to establish any proper grounds for vacating or remanding parts of an arbitration award pursuant to Section 10 of the Federal Arbitration Act. [1]

## SUMMARY OF ARGUMENT

Appellant Pasha attempts to escape Second Circuit precedent by pretending that his extensive "manifest disregard of the evidence" arguments are really something else. In fact, almost the entirety of Pasha's argument is to ask the Court to improperly conduct a *de novo* review of the Arbitrator's Award and to re-weigh the evidence to reach a different determination on the merits of his claims. Such a review and re-weighing are not permissible under the Federal Arbitration Act ("FAA"). *Westerbeke Corp. v. Daihatsu Motor* Co., 304 F.3d 200, 214 (2d Cir. 2002).

---

[1] Appellant's proposed second issue is not a proper subject of review. It was not the District Court that concluded that a new joint venture agreement was required as a condition to any transfer of shares; the Arbitrator determined that such a condition was an explicit term of the contract. (AA-69.) "The arbitrator's factual findings and contractual interpretation are not subject to judicial challenge…." *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 214 (2d Cir. 2002).

In fact, the FAA permits only very narrow grounds for vacating or correcting an arbitral award. 9 U.S.C. § 10. Pasha argues that the Arbitrator failed to hear all evidence, failed to issue a final and definite award, and manifestly disregarded the law. Pasha, however, is unable to muster support on the record for any one of those three grounds, and thus he is left to impermissibly argue over the evidence and the merits of the Arbitrator's determinations.

As to the question of whether the Arbitrator failed to hear all evidence, Pasha does not make any argument that the Arbitrator refused to allow him to present any evidence. To the contrary, Pasha cites the record and acknowledges that the Arbitrator heard all of the evidence he now cites. Pasha can only impermissibly argue that the Arbitrator disregarded the evidence he cites in reaching the Arbitrator's factual determination. Pasha's argument is not permissible under the FAA.

As to the question of whether the Arbitrator issued a final and definite award, Pasha cannot plausibly argue that the Arbitrator failed to resolve all claims presented to him. The Arbitration Award resolves all of the claims and counter-claims of each party. Under Second Circuit precedent, this is all that an arbitrator need do to render a final and definite award. *Banco de Seguros del Estado v. Mut. Marine Office, Inc.*, 344 F.3d 255, 262 (2d Cir. 2003). Pasha instead argues that the Award must have been incomplete because the Court failed to award damages on

his contract claims. The Arbitrator found, however, that Pasha failed to present evidence of damages. Under Delaware law, a plaintiff is obligated to prove the existence and amount of damages in order to prevail on a contract claim. *Kronenberg v. Katz*, 872 A.2d 568, 606-609 (Del. Ch. 2004). Pasha is incorrect as a matter of law when he asserts that proof of a valid contract and proof of a breach is sufficient to establish a breach of contract claim for which damages must be awarded. *See id.* If a plaintiff fails to meet his burden to prove damages, there is no viable contract claim, regardless of whether the plaintiff proves a valid contract or breach of it. *Id.* Pasha failed to meet his burden to prove damages and lost on his contract claims. The award is not incomplete merely because Pasha failed to prove his claims.

Similarly, Pasha's attempt to undo the Arbitrator's ruling on the equitable claims fails because Pasha fails to identify any error of law. Instead, Pasha asks that the Court usurp the Arbitrator's role of balancing the equities and to impose the Court's view of the merits of the evidence in place of the Arbitrator's judgment. That, again, is not a proper basis to overturn an arbitral award.

Finally, Pasha fails to provide any proper support for an argument that the Arbitrator, or the District Court, manifestly disregarded the law. In fact, Pasha fails to cite any binding legal authority disregarded by the Arbitrator. As the District Court found, the Arbitrator properly set forth and applied Delaware law and Pasha

failed to identify anywhere in the Award where the Arbitrator abandoned the law. Instead, Pasha again attempts to impermissibly argue that the Arbitrator misconstrued the evidence. The Court may not conduct a *de novo* review of the evidence and impose its own view of the merits on the case. Pasha has failed to identify how any of the very narrow grounds for vacating or correcting an arbitral award apply. The District Court's denial of the petition to vacate or correct should be affirmed and the Arbitral Award should be allowed to stand.

## STATEMENT OF FACTS

Appellee John M. Jansheski ("Jansheski") was majority shareholder of a company known as DenTek Oral Care, Inc. ("DenTek"). (AA-34.) Jansheski and Appellant Dr. N. Dean Pasha ("Pasha") entered into a joint venture to distribute DenTek products in the United Kingdom. (*Id.*) The parties entered into a joint venture agreement ("JV Agreement") that, *inter alia*, provided Jansheski the unilateral right to buy out Pasha's interest in the joint venture at an amount pegged to a specific multiplier of the gross sales of the joint venture. (*Id.*) Pasha was charged with administering the business of the joint venture. (AA-35.)

Jansheski received an offer to purchase his interest in DenTek from a third party. (*Id.*) Jansheski then resorted to the buy-out provision in the JV Agreement in order to purchase Pasha's interest in the joint venture. (*Id.*) Jansheski offered to buy out Pasha's interest in the joint venture, but Pasha refused and held out for

more money. (*Id.*) Jansheski offered the amount called for under the buy-out provision of the JV Agreement, but Pasha refused to accept that amount or to sell his interest, in spite of the terms of the JV Agreement. (*Id.*) With the time pressure of needing to buy out Pasha's interest in the joint venture in order to consummate the purchase of DenTek by the third party, Jansheski ultimately agreed to pay Pasha $8 million and an interest in a new joint venture ("2010 Agreement"). (*Id.*)

The 2010 Agreement set forth certain terms but set conditions dependent on Jansheski and Pasha later reaching agreement on the formation of a replacement joint venture agreement after the close of the sale to DenTek. (AA-69.) The 2010 Agreement stated that, after the parties agreed to a replacement joint venture, Pasha would receive shares in the replacement joint venture. (*Id.*) The parties never reached an agreement, however, on formation of a replacement joint venture. (*Id.*)

Jansheski commenced arbitration in 2012 and brought various claims against Pasha. (AA-37.) Jansheski's claims were premised on the allegations that, in order to extract a higher purchase price from Jansheski, Pasha fraudulently inflated the gross sales of the original joint venture and Pasha further manipulated the pressure of the DenTek transaction. (AA-37-38.)

Pasha asserted counter-claims against Jansheski and Starboard, the company to which Jansheski had assigned his own interests in the joint venture. (AA-33.) Pasha stated five counter-claims based on the JV Agreement. (AA-61.) Pasha

stated additional counter-claims based on the 2010 Agreement. (AA-63-73.) With respect to Pasha's claims for breach of contract and breach of the implied covenant of good faith and fair dealing premised on the 2010 Agreement, Pasha sought only monetary damages. (AA-70.) Pasha argued that the 2010 Agreement obligated Jansheski to transfer a 24.5% interest in a new joint venture. (AA-69.) Pasha's other three claims with respect to the 2010 Agreement were for specific performance, declaratory relief, and for an accounting. (AA-70-73.)

The arbitration between Pasha and Respondents was heard by the Honorable Stephen G. Crane (Ret.) ("Arbitrator") and the Arbitrator issued his Final Award on November 11, 2013. (AA-75) The Arbitrator denied all of Jansheski's claims against Pasha. (AA-74.)

As to Pasha's counter-claims, the Arbitrator first noted that Pasha's counsel had conceded that Pasha could not seek damages under the JV Agreement and thus was no longer pursuing his claims on that contract. (AA-62.) Pasha conceded that he was only seeking relief under the 2010 Agreement. (*Id.*) The Arbitrator thus concluded that each of the first five causes of action in Pasha's counter-claims were moot and deemed withdrawn. (*Id.*) Although Pasha had not asserted any fraud claim in his pleadings, the Arbitrator nonetheless addressed claims Pasha made in briefing that Jansheski had committed fraud. (AA-72.) The Arbitrator

concluded that the un-pleaded fraud allegation was merely an impermissible attempt to elevate a simple breach of contract claim into a tort claim. (AA-71-72.)

Although the Arbitrator concluded that Pasha had taken advantage of pressure on Jansheski from a third party in order to extract more money, the Arbitrator found that the 2010 Agreement was a valid contract. (AA-64-68.) The Arbitrator noted, however, that the parties have not reached agreement on a replacement joint venture agreement as required for Jansheski to transfer any shares in the putative joint venture. (AA-69.) Because the parties have failed to reach agreement on a replacement joint venture, not all conditions for transferring the shares have been satisfied. (*Id.*)

The Arbitrator set forth the elements that Pasha was required to prove on a breach of contract claim: "the existence of the contract, the breach of an obligation imposed by the contract, and resulting damages." (*Id.*) Pasha had specifically requested monetary damages in his contract claims. (AA-70.) The Arbitrator found, however, that "**Pasha presented absolutely no evidence or testimony of damages at the hearing.**" (*Id.* [emphasis added].) In a footnote, the Arbitrator continued: "Indeed, Pasha treats damages in such a cavalier fashion that he does not make any arguments addressed to damages at all in his briefs." (*Id.*) The Arbitrator concluded that Pasha had failed to establish by a preponderance of the evidence the existence or amount of damages and thus failed to meet his burden to

7

satisfy the elements for his breach of contract claims. (*Id.*) The Arbitrator dismissed the contract claims. (*Id.*)

With respect to Pasha's claim for specific performance of the 2010 Agreement, the Arbitrator noted: "A party seeking specific performance must show by clear and convincing evidence that a valid contract exists, the party is ready, willing, and able to perform, and the balance of the equities tips in favor of the party seeking performance." (AA-70-71 [internal citation omitted] [citing Delaware law].) The Arbitrator concluded that "Pasha has failed to prove that he is entitled to equitable relief." (*Id.*) The Arbitrator found that Pasha's conduct was inequitable and that the balance of the equities did not justify specific performance. (AA-72.) In light of the Arbitrator's conclusions, the Arbitrator also denied Pasha's claims for declaratory relief and an accounting as lacking merit for the same reasons that the other claims under the 2010 Agreement lacked merit. (AA-73.)

With respect to attorneys' fees, the Arbitrator rejected any award. The Arbitrator found that the arbitration was brought pursuant to the 2010 Agreement and the 2010 Agreement lacked any provision for an award of attorneys' fees. (AA-74.)

On February 7, 2014, Pasha filed his Petition in the District Court seeking to vacate the Arbitrator's Award on Pasha's counterclaims only. (SA-3.) The District Court pointed out that there are only a narrow set of circumstances under the

Federal Arbitration Act by which a District Court may vacate or correct an arbitration award. (SA-7.) The District Court concluded that Pasha had failed to meet his burden to show that the Arbitrator's Award should be vacated or remanded. (SA-8.)

First, the District Court rejected the contention that the Arbitrator had failed to hear or consider evidence. (SA-9.) The District Court pointed out that the Arbitrator's Award reflected that the Arbitrator had heard and considered all of the evidence presented. (SA-9.) Further, the Arbitrator's explicit determination that Pasha had failed to present any evidence of damages is not subject to judicial challenge. (*Id.*) The District Court concluded that there was no evidence of misconduct or refusal to hear evidence and there was no basis to vacate the Arbitrator's Award on the ground. (*Id.*)

Second, the District Court rejected the contention that there was any manifest disregard of the law. (SA-10.) The District Court noted that the Arbitrator had correctly cited and applied Delaware law regarding breach of contract and specific performance. (SA-10-11.) As there was no evidence that the Arbitrator had ignored any applicable law, the Arbitrator's Award was not subject to being vacated or corrected. (SA-11.)

Third, the District Court disposed of Pasha's claim that the Arbitrator acted outside of his authority. Judge Patterson concluded that the Arbitrator had found sufficient evidentiary grounds for his decision and the Award was properly based on the essence of the contract in dispute. (SA-11-12.)

Finally, the District Court rejected Pasha's contention that the Arbitrator's Award left issues unresolved. (SA-12.) Pasha argued that the Arbitrator left open the issue of transfer of shares and that further litigation would be necessary to finalize the obligations. (*Id.*) Judge Patterson pointed out that the Arbitrator had, in fact, addressed all issues actually submitted in arbitration and had explicitly determined that Pasha was not entitled to enforcement of the 2010 Transfer Agreement. (*Id.*) As an additional basis for the Arbitrator's ruling, the Arbitrator had concluded that there was no replacement joint venture agreement in place, which was an explicit condition precedent for the transfer of shares. (*Id.*)

The District Court denied Pasha's petition to vacate or remand the arbitration award. (SA-13.)

## COUNTER-STATEMENT OF STANDARD OF REVIEW

"In reviewing a district court's decision refusing to vacate or confirming an arbitration award, we examine legal conclusions de novo and findings of fact for clear error." *Bermuda Container Line Ltd. v. Int'l Longshoremen's Ass'n, AFL-*

*CIO*, 192 F.3d 250, 255 (2d Cir. 1999). The Arbitrator's Award and determinations, however, are subject to very limited review. *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993). "<u>A motion to vacate filed in a federal court is not an occasion for de novo review of an arbitral award</u>." *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004) (emphasis added). Federal courts must be highly deferential to the determinations of the Arbitrator. *Pike v. Freeman*, 266 F.3d 78, 86 (2d Cir. 2001). If the Arbitrator even arguably properly construed a disputed contract or acted within the scope of his authority, then the Arbitrator's decision cannot be overturned even if the Court believes the Arbitrator committed serious error. *Id.* "The arbitrator's factual findings and contractual interpretation are not subject to judicial challenge, particularly on our limited review of whether the arbitrator manifestly disregarded the law." *Westerbeke Corp. v. Daihatsu Motor* Co., 304 F.3d 200, 214 (2d Cir. 2002). "The courts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." *United Paperworkers Intern. Union, AFL-CIO v. Misco, Inc.* 484 U.S. 29, 36 (1987).

# ARGUMENT

## A.    Review of the Arbitral Award Is Very Limited

Pasha brought his Petition before the District Court pursuant to Section 10 of the Federal Arbitration Act ("FAA"), which provides a narrow set of circumstances under which the Court may vacate or correct an arbitration award. *See* 9 U.S.C. § 10. Pasha is asserting only two grounds under Section 10: that the Arbitrator was guilty of misconduct in refusing to hear material evidence or by any other behavior by which the rights of a party have been prejudiced (Section 10(a)(3)); and "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made" (Section 10(a)(4)).  (Appellant's Brief at 16-17.) Pasha also argues that the Arbitrator manifestly disregarded the law. (*Id.* at 44.)

A court may vacate an arbitrator's award "only in very unusual circumstances." *Oxford Health Plans LLC v. Sutter* (2013) 133 S.Ct. 2064, 2068. Any party seeking to vacate an arbitration award bears a heavy burden to show "clear evidence" that the award at issue falls within the very narrow circumstances that could justify vacating an award. *Fairchild Corp. v. Alcoa, Inc.*, 510 F. Supp. 2d 280, 285-286 (S.D.N.Y. 2007). This is a "high threshold" for the party seeking to vacate the award to meet. *Id.* at 286.  "The courts are not authorized to reconsider the merits of an award even though the parties may allege that the

award rests on errors of fact or on misinterpretation of the contract." *United Paperworkers Intern. Union, AFL-CIO v. Misco, Inc.* 484 U.S. 29, 36 (1987). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Id.* at 38.

Even though Pasha is not entitled to ask the Court to reconsider the merits of the award based on a claimed error of fact or on misinterpretation of a contract, *United Paperworkers Intern. Union, AFL-CIO*, 484 U.S. at 36, Pasha spends nearly 40 pages of his brief – the entire argument – repeatedly asking the Court to do just that. Rather than identifying any actual error by the District Court, or any plausible basis under the FAA for overturning the Arbitrator's Award, Pasha simply launches into a detailed, self-serving reconstruction of the evidence before the Arbitrator in a brazen attempt to re-litigate the Arbitration itself *de novo*. This the Court cannot do. *See Westerbeke Corp.*, 304 F.3d at 214.

## B. The Arbitrator's Finding That Pasha Failed to Present Evidence of Existence or Amount of Damages Is Fatal To Pasha's Arguments

"The arbitrator's factual findings and contractual interpretation are not subject to judicial challenge…." *Westerbeke Corp.*, 304 F.3d at 214. A federal court may not reassess the evidence presented at arbitration or vacate the award

even if the court believes that the decision runs contrary to strong evidence favoring the party seeking to vacate the award. *Fairchild Corp. v. Alcoa, Inc.*, 510 F. Supp. 2d 280, 286 (S.D.N.Y. 2007). Internal conflicts in the Arbitrator's Award do not warrant vacating the Award. *Id.*

Pasha focuses much of his argument on his contention that it was a logical impossibility for the Arbitrator to find, and the District Court to uphold, that there were no damages on his contract claims. Pasha is incorrect, and his arguments generally rely on an attempt to re-argue the evidence, to ignore governing law, and to invite the Court to contradict the Arbitrator's findings of fact.

The contracts at issue are governed by Delaware law. (AA-42.) Under Delaware law, a breach of contract claim requires sufficient proof to establish both the existence and the amount of damages by a preponderance of the evidence; failure to provide such proof is fatal to the claim. *Gunzl v. Veltre*, No. CIV.A. 2007-05-313, 2008 WL 5160137, at *5 (Del. Com. Pl. May 22, 2008) (concluding plaintiff failed to provide sufficient evidence of existence or amount of damages). A party cannot prevail on a claim for damages without providing evidence of damages actually suffered. *Dalton v. Ford Motor Co.*, No. CIV.A. 00C-09-155WCC, 2002 WL 338081, at *6 (Del. Super. Feb. 28, 2002). Damages cannot be based on speculation or conjecture. *Laskowski v. Wallis*, 58 Del. 98, 101, 205 A.2d 825, 826 (1964) (internal citation omitted).

The need for a plaintiff to meet his burden to show damages is not inconsequential or to be lightly dismissed under Delaware law. *See Acierno v. Goldstein*, No. CIV.A. 20056-NC, 2005 WL 3111993, at *7 (Del. Ch. Nov. 16, 2005). As the Court of Chancery of Delaware stated in *Acierno*:

> [I]t is the plaintiff's burden to show damages. Allowing an end-run around this burden sets a dangerous precedent and signals to future plaintiffs that they may be careless in the presentation of their case but still prevail.

*Id.* (rejecting discovery sanction that would relieve plaintiff of burden to show damages).

### 1. There is No Basis to Vacate Or Correct the Award on the Damages Claims Under Section 10(a)(3).

Fatal to all of Pasha's damages arguments is the Arbitrator's key finding: "Pasha presented absolutely no evidence or testimony of damages at the hearing." (AA-70 [emphasis added].) Pasha does not argue that the Arbitrator refused to hear evidence of damages – instead, Pasha argues throughout his brief that the Arbitrator heard plenty of evidence. The District Court also found that Pasha failed to identify any evidence that the Arbitrator refused to hear any evidence.[2] As the District Court found:

---

[2] If a party moving to vacate an arbitral award cannot show that the arbitrator denied them a fair opportunity to present arguments or evidence, there

> [T]he Award reflects that the Arbitrator heard all of the
> evidence that was presented at the hearing before
> concluding that Pasha had 'failed to establish, by a
> preponderance of the evidence, the existence or amount
> of damages suffered as a result of [Jansheski's] failure to
> abide by the 2010 Transfer Agreement.'

(SA-9.) For these reasons, there is no basis for concluding that the Arbitration

Award can be vacated or corrected pursuant to Section 10(a)(3) of the FAA.

### 2.  There is No Basis to Correct or Vacate The Award on the Damages Claims Under Section 10(a)(4)

There is also nothing that supports a finding that the Arbitrator's finding on

damages renders the Award anything less than mutual, final, or definite.

An arbitral award is mutual, definite, and final under Section 10(a)(4) of the

FAA where the award resolves all the issues submitted to the arbitrator. *ConnTech*

*Dev. Co. v. Univ. of Connecticut Educ. Properties, Inc.*, 102 F.3d 677, 686 (2d Cir.

1996).  The Second Circuit affords the "narrowest of readings" to Section 10(a)(4).

*Banco de Seguros del Estado v. Mut. Marine Office, Inc.*, 344 F.3d 255, 262 (2d

Cir. 2003). "In order to be 'final,' an arbitration award must be intended by the

arbitrators to be their complete determination of all claims submitted to them."

---

are no grounds for finding misconduct pursuant to Section 10(a)(3). *See Campbell
v. Am. Family Life Assur. Co. of Columbus, Inc.*, 613 F. Supp. 2d 1114, 1120 (D.
Minn. 2009).

*Michaels v. Mariforum Shipping, S. A.*, 624 F.2d 411, 413 (2d Cir. 1980). If the award at issue disposes of an issue, the award does not fall afoul of Section 10(a)(4) regardless of whether the issue is disposed of correctly or not. *Banco de Seguros del Estado*, 344 F.3d at 262. A ruling that unambiguously indicates that all the claims of the parties are denied "could hardly be more final and definite." *Remmey v. PaineWebber, Inc.*, 32 F.3d 143, 150 (4th Cir. 1994) (noting that arbitrator's statement that all the claims were dismissed was sufficient by itself to make the award mutual, definite, and final). That there might be evidence that *could* support an award in one party's favor does not provide grounds for vacating the award. *See id*. An award does not need to dispose of every issue that might arise in subsequent litigation to be final – it need only dispose of the issues submitted to the arbitrator. *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 177 (2d Cir. 1998).

The Arbitrator ruled on every single one of Pasha's claims for damages. (AA-75.) As the District Court found, "In this case, the Arbitrator addressed all of the issues that were submitted to arbitration in his Award and explicitly declared 'that Pasha is not entitled to enforcement of the 2010 Transfer Agreement.'" (SA-12.) There are no grounds to vacate or correct the Arbitrator's Award under Section 10(a)(4).

### 3.  Pasha Has Failed to Show Any Manifest Disregard of the Law

Pasha repeatedly argues the evidence and then insists that this constitutes manifest disregard of the law. This attempt to turn manifest disregard of the law into manifest disregard of the evidence should be rejected just as it was by the District Court.

In addition to the grounds explicitly stated under Section 10, an arbitration award may be vacated if the petitioning party can establish that the arbitrator has exhibited a "manifest disregard of the law." *Westerbeke Corp.*, 304 F.3d at 208. "[The] standard of review under this judicially created doctrine is 'severely limited.'" *Id.* Mere error in the law or failure of the arbitrator to understand or apply the law is *not* grounds to vacate the award under this standard. *Id.* Instead, the party seeking to vacate the award has the burden to demonstrate that (a) the governing law allegedly ignored by the arbitrator was "well defined, explicit, and clearly applicable" in the case; and (b) that the arbitrator actually knew of the existence of the governing law but nonetheless ignored it. *Id.* at 209. One prong is not enough to vacate the award – the petitioner must establish both. *Id.*

Any "barely colorable justification for the outcome reached" by the Arbitrator is enough to uphold the award. *Yahoo! Inc. v. Microsoft Corp.*, 13 CV 7237, 2013 WL 5708604, at *4 (S.D.N.Y. Oct. 21, 2013). Only where an egregious impropriety by the arbitrator is apparent on the record will the manifest disregard

of the law doctrine apply. *Id. Id.* Courts do not consider whether the arbitrator correctly decided an issue. *Rame, LLC v. Popovich*, 878 F. Supp. 2d 439, 444 (S.D.N.Y. 2012).

"[T]he Second Circuit does not recognize manifest disregard of the evidence as proper ground for vacating an arbitrator's award." *Wallace*, 378 F.3d at 193 (internal punctuation omitted). Vacating an arbitration award on a finding that the arbitrator manifestly disregarded the facts "would threaten to undermine many of the benefits parties bargain for when they enter into arbitration agreements." *Success Systems, Inc. v. Maddy Petroleum Equipment, Inc.* (D. Conn. 2004) 316 F.Supp.2d 93, 98.

Pasha has never attempted, either before the District Court or before this Court, to identify a single aspect of Delaware law that was brought before the Arbitrator and ignored by the Arbitrator. The District Court instead found that the Arbitrator had thoroughly and properly cited applicable Delaware law and then applied it to Pasha's claims. (SA-11.) The only thing that Pasha disagrees with is how the Arbitrator applied the law to the evidence. That is not a proper basis for overturning the Arbitrator's Award. *See, e.g.*, *Rame, LLC*, 878 F. Supp. 2d at 444.

Pasha repeats over and over again that it is impossible that damages could not exist. This is a red herring. Neither the Arbitrator nor the District Court said that it was impossible for there to be any damages. Instead, the Arbitrator explicitly

stated that Pasha had failed to meet his burden to prove the existence or amount of damages because Pasha had failed to present evidence of damages. (AA-70.) This factual determination cannot be overturned. *Westerbeke Corp.*, 304 F.3d at 214. This finding is also consistent with Delaware law, as set forth more fully above, which requires a plaintiff to prove damages in order to prevail on a contract claim. *Gunzl v. Veltre*, No. CIV.A. 2007-05-313, 2008 WL 5160137, at *5 (Del. Com. Pl. May 22, 2008); *Dalton v. Ford Motor Co.*, No. CIV.A. 00C-09-155WCC, 2002 WL 338081, at *6 (Del. Super. Feb. 28, 2002).

Pasha betrays his attempt to impermissibly transpose manifest disregard of the law into manifest disregard of the evidence when he states in his brief on this point that, "Clearly the Award is not supported by the undisputed evidence at the hearing…." (Appellant Brief at 47.) Pasha does not state that the Arbitrator's determination is contrary to law. Instead, Pasha argues that it is contrary to evidence. That argument is not a proper basis for overturning an Arbitrator's Award and is contrary to this Court's explicit statement rejecting a manifest disregard of the evidence theory. *Wallace*, 378 F.3d at 193.

**C.     The District Court Did Not Make Any Error As To The Replacement Joint Venture**

Unable to find anything in the Arbitrator's Award that would support vacating or correcting it, Pasha attempts to isolate a footnote in the District Court's opinion in an effort to gin up some claim that there was a factual error needing resolution. Pasha, however, is wrong as to whether the District Court erred. More critically, Pasha cannot show that, even if the District Court mistook the Arbitrator's findings, that it would actually make any difference in the outcome.

Pasha leads with his argument that the District Court erred factually in asserting that there was a requirement of forming a new joint venture. Pasha does this by attempting to focus on a footnote in the District Court's opinion containing an alternative basis to support the Arbitrator's findings.[3]  The District Court,

---

[3] Pasha incorrectly claims that the District Court primarily relied on the requirement of forming a new joint venture in denying the Petition to Vacate. Pasha cites pages 4-5, 8-10, and 12 of the Special Appendix in an effort to suggest that this point was threaded throughout the District Court's opinion. SA-4-5 merely contains a recitation of the facts from the Arbitrator's Award and does not identify the bases for the District Court's denial of the Petition. SA 8-10 contain merely footnote references to this matter as discussed below, and SA-12 contains the final footnote reference to this issue. Pasha does not identify where in the District Court's opinion the requirement of forming a joint venture was the primary basis for concluding that Pasha had failed to establish any basis for overturning the Arbitrator's Award.

however, primarily relied on the Arbitrator's strong statement that Pasha had failed to present any evidence of the existence or amount of damages:

> Pasha's argument fails, however, because there is no evidence that the Arbitrator refused to hear the evidence Pasha describes. Rather, the Award reflects that the Arbitrator heard all of the evidence that was presented at the hearing before concluding that Pasha had "failed to establish, by a preponderance of the evidence, the existence or amount of damages suffered as a result of [Jansheski's] failure to abide by the 2010 Transfer Agreement." (Award at 38.) The Arbitrator's factual finding that "Pasha presented absolutely no evidence or testimony of damages at the hearing" (id.) is not subject to judicial challenge.

(SA-9.)

In footnotes, the District Court pointed out that the Arbitrator found that a new joint venture was required to be formed before any shares could be transferred, and that new joint venture had not been formed. (SA-8, SA-12.) The District Court first only noted this in response to Pasha's claimed evidence of damages, but the primary basis for the District Court's conclusion as to whether the Award could be vacated was that Pasha had failed to demonstrate that the Arbitrator refused to hear any evidence. (SA-9.) To the contrary, the District Court found that the Arbitrator heard all of the evidence that Pasha was citing. (SA-9.)

The District Court noted the issue with the new joint venture in a later footnote pointing out that it was an alternative basis for concluding that

transferring shares could not be enforced. (SA-12.) Again, however, the District Court did not rely on this statement, but merely stated it as an additional basis for concluding that Pasha's claims lacked merit. (*Id.*) Instead, the District Court found that the Arbitrator heard all of Pasha's evidence, resolved all issues before him, and concluded that Pasha was not entitled to enforcement of the 2010 Agreement. (*Id.*)

As an initial matter, the District Court's footnotes are completely consistent with the Arbitrator's findings. The Arbitrator found that the new joint venture had not been formed and no agreement had been reached, which was a condition precedent to any transfer of shares to Pasha. (AA-69.) In an effort to create error where there is none, Pasha argues that the District Court misconstrued the Arbitrator's statements. Pasha makes conclusory arguments regarding what the claimed JV Entity was intended to be without citing anywhere in the record that this issue was raised before the Arbitrator or the District Court. Pasha also makes several factual claims – such as the claim that the parties intended to continue with the same JV entity – without citing any evidence in the record or any legal authority to support the propositions stated. Pasha's argument on this point also defies sense: if the parties intended that the joint venture was to remain identical, then why did the parties call for the negotiation of a completely new joint venture agreement?

Pasha does not dispute, nor can he, that the Arbitrator determined that there was to be a "new joint venture." (AA-35.) Without citing any part of the Arbitrator's Award or the record to support his claims, Pasha asserts that the Arbitrator's words "clearly are not intended to be taken literally" and that the Arbitrator was "obviously using descriptive language for the Transfer Agreement's specific condition of 'amended or replacement joint venture agreement.'" (Appellant's Brief at 19 [emphasis omitted].) On what basis does Pasha assert that the Arbitrator did not intend that his words be taken literally? There is no basis for that assertion other than Pasha's self-serving attempt to create discord between the Arbitrator's Award and the District Court's opinion where there is none.

Even were there some misunderstanding that Pasha could point to, it ultimately does not matter whether the District Court correctly took the Arbitrator's words literally about creating a new joint venture entity or whether, as Pasha claims, the Arbitrator only meant that a new agreement had to be reached and no actual new entity would be formed. In either case, the Arbitrator made the factual determination that no such entity and no such agreement had been reached. (AA-69.) The Arbitrator further determined, based on the terms of the 2010 Agreement that even Pasha now cites, that such an agreement was a condition precedent for transfer of any shares. (*Id.*) This fact forecloses Pasha's argument

that there must be damages for failure to transfer shares.[4] Even if Pasha had shown

the value of the shares – which he has not – Pasha has still failed to show that

Jansheski's obligation to transfer the shares had ripened given that a condition

precedent for such a transfer has not occurred. The parties have not agreed on a

replacement joint venture agreement, which must precede the transfer of shares.

(AA-69.)

### D.     The Arbitrator's Determination That There Was Insufficient Evidence of Damages Is Reasonable

Although the Arbitrator's determination that there was insufficient evidence

of damages to support an award in Pasha's favor is not properly subject to review,

even if the Court is inclined to examine the matter, Pasha has utterly failed to

support his claim that the Arbitrator should have awarded him damages. Pasha

mostly cites to various pieces of the record and then angrily denounces the

Arbitrator for not extrapolating damages from those random, often contradictory,

fragments.  The reality is that Pasha's attorneys deliberately did not hire a damages

expert and on numerous occasions denounced the need for a damages expert.  It

---

[4] And since the Arbitrator concluded that Pasha had failed to produce evidence of the existence and amount of damages, Pasha's arguments on damages must fail as an attempt to conduct de novo review of the Arbitrator's factual determinations.

sounds like Pasha should be seeking a malpractice claim against his attorneys as opposed to an appeal.

Pasha's position that there was a breach and that damages must necessarily flow from that breach is contrary to Delaware law. A breach of an agreement does not, by itself, support a proper claim for breach of contract unless the complaining party also proves the existence of damages. *Kronenberg v. Katz*, 872 A.2d 568, 606-609 (Del. Ch. 2004) (noting that, while defendant "clearly breached," the plaintiff "failed to proffer any tangible evidence of concrete damage" and granting summary judgment in favor of defendant). A breach of contract does not automatically imply the existence of damages.[5] *See Gibbons v. Whalen*, No. CIVA 2008-02-133, 2009 WL 3014325, at *3 (Del. Com. Pl. Sept. 21, 2009) *aff'd*, No. CIV.A. S09A-09-003, 2010 WL 8250809 (Del. Super. Mar. 22, 2010) (rejecting breach of contract claim because "Plaintiffs have failed to introduce any credible evidence as to the value of damages"). "Liability does not exist in a vacuum; there

---

[5] This principle is also well-accepted among federal courts. A defendant prevails "where the plaintiff fails to provide evidence of damages, especially where damages are an essential element of a cause of action, such as breach of contract." *Maier-Schule GMC, Inc. v. Gen. Motors Corp. (GMC Truck & Bus Grp.)*, 154 F.R.D. 47, 56 (W.D.N.Y. 1994); *see also Hedgeco, LLC v. Schneider*, No. 08 CIV. 494 (SHS, 2009 WL 1309782, at *5 (S.D.N.Y. May 7, 2009) (granting summary judgment on those claims where plaintiff failed to provide evidence of damages); *Strike It Rich, Inc. v. Joseph Schlitz Brewing Co.*, 505 F. Supp. 89, 92 (D.D.C. 1980) (granting summary judgment where plaintiff showed "complete indifference" to the need to provide evidence of damages).

must be a showing of some damage." *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 628 (8th Cir. 1999) (internal punctuation omitted) (*citing Feinstein v. Firestone Tire & Rubber Co.*, 535 F. Supp. 595, 602 (S.D.N.Y. 1982).

Pasha's position that he is entitled to shares and that the shares must inherently have some value is also not supported by any authority. At any rate, even if it is accepted that the shares must have <u>some</u> value, that is not enough by itself to actually meet the burden of showing the actual value of the shares. The showing of some injury itself is not enough to meet a plaintiff's burden to prove the existence and amount of damages. *Henne v. Balick*, 51 Del. 369, 373, 146 A.2d 394, 396 (1958). A party cannot be awarded the monetary value of corporate shares when there is not sufficient proof of the value of those shares. *Unger v. Greenhut*, 183 F.2d 381, 383 (2d Cir. 1950) (rejecting plaintiff's argument that he should be awarded monetary damages). The gap in Pasha's damages evidence may not be filled in with speculation or conjecture. *Henne*, 51 Del. at 373, 146 A.2d at 396.

Pasha initially contends that the value of his shares in the new joint venture must be identical to the value of the shares in the old joint venture. (Appellant Brief at 18.) This ignores a fundamental admission made by Pasha to the Arbitrator: the $8 million was paid to Pasha for more than just his shares in the old joint venture. The $8 million was also paid to effect a change in management

structure, to induce Pasha to give up day-to-day management, to obtain an arbitration agreement, and to obtain a two year covenant not to compete from Pasha. (AA-65.) Pasha himself argued to the Arbitrator that the $8 million was paid in consideration for these matters in addition to the purchase of shares. (*Id.*) Pasha cannot argue now that the $ 8 million was intended only for the value of the 50% of shares in the old joint venture. Pasha has not pointed to anywhere on the record where he provided evidence of how to break down the value of the $8 million paid between the shares, the agreement to give up management, the arbitration agreement, and the covenant not to compete. As the Arbitrator concluded, Pasha failed to provide any proper evidence of damages applicable to the shares for which he claims entitlement.  The reality is that the $8 million paid to Pasha was nothing more than an extortion payment to get Pasha out of the way.

Pasha also provides no citation to anywhere in the record of any evidence that the parties intended the new and old joint venture to have identical value. Pasha is merely asking the Court to speculate that this is what was intended – ignoring the fact that the $8 million paid for more than shares. Even if Pasha's speculation regarding intentions of the parties were permissible, it is just as easy to speculate that, given the payment of $8 million for all of Pasha's interests, that the parties intended to reach a completely different joint venture structure with a different share valuation – indeed, that seems likely given the requirement in the

2010 Agreement to negotiate a completely new joint venture agreement and understanding between the parties.[6]

Simply put, Pasha does not and cannot point to any evidence in the record that he produced evidence of the value of the 24.5% of shares under the proposed new joint venture agreement.[7] All that Pasha has is a price paid for 50% of shares, along with other agreements and covenants, of what was created under the old agreement. There simply is no principle of law that holds that if there is evidence on the record of some price paid for one thing – or one set of things, the Arbitrator must use that price to value only the shares under a different agreement.[8] When looking at whether there was evidence in the record as to the value of the 24.5% of

_____

[6] Given the passage of several years, one could also reasonably speculate that the value of shares could and probably would be completely different today – such as if there was a downturn in sales, or upon discovering evidence of Pasha's fraudulently inflated sales figures, or if the nature of the business had changed in any number of ways. Speculation can cut pretty much any number of ways, which is perhaps why speculation is not proper evidence of damages.

[7] Pasha desperately scours the record for any testimony by any witness, regardless of whether they have any expertise in valuation, in which someone argued a value of the shares of the old joint venture. The problem with Pasha's approach is that he merely finds multiple references to different claimed valuations. Much of it is completely contradictory, suggesting that Pasha is not interested in showing that he proved value, but rather asking that the Arbitrator put all of the numbers put forth at trial into a hat and to pick one. Pasha's recitation of evidence more or less demonstrates his failure to offer any serious or coherent evidence that would support a proper finding of damages.

[8] Given that there is no pressure to complete a sale to DenTek, there is also nothing left for Pasha to exploit to drive up the price of shares.

the shares in the new JV, the Arbitrator concluded that Pasha had failed to produce <u>any</u> evidence of value of those shares or any amount of actual damages. That finding is supported by the record, and it must be upheld.

### E. There Are No Grounds To Vacate Or Correct The Arbitrator's Award With Respect to Pasha's Equitable Claims

Under Delaware law, a party seeking specific performance must prove by clear and convincing evidence that there is a valid contract, that the party is ready, willing, and able to perform, and that the balance of equities tip in favor of the complaining party. *Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1158 (Del. 2010). The Arbitrator did not specifically address the application of the first two elements, finding instead as an initial matter that Pasha had failed to prove by clear and convincing evidence that the equities tipped in his favor. (AA-71.) This decision based on the evidence is not subject to reversal here. *See, e.g.*, *Wallace*, 378 F.3d at 189; *Westerbeke Corp.*, 304 F.3d at 214.[9]

Pasha contends that the Arbitrator disregarded Delaware law by applying unclean hands to deny relief. The Delaware case cited by Pasha, however, only

---

[9] The Arbitrator's determination that the parties had failed to negotiate a new joint venture agreement, a condition precedent to Pasha's entitlement to shares in the new joint venture, (AA-69), would support a finding that Pasha could not satisfy the second element of a specific performance claim, in that all conditions for Jansheski's performance had not been satisfied.

states that unclean hands would not be used to deny relief if the result would be inequitable. *Dittrick v. Chalfant*, 948 A.2d 400, 409 (Del. Ch.) *aff'd*, 935 A.2d 255 (Del. 2007). The question of whether relief would serve the interests of equity is in the hands of the Arbitrator. Delaware law requires the Arbitrator to balance the equities. *See Osborn*, 991 A.2d at 1158. That is precisely what he did. *Dittrick* does not change the result. In that case, the trial court filled the very same role the Arbitrator filled here – it balanced the equities and made a determination as to whether it would order specific performance. *Id.* A federal court may not overturn the Arbitrator's balancing of the equities merely because it disagrees with the Arbitrator's conclusions. *See, e.g.*, *Westerbeke Corp.*, 304 F.3d at 208; *Fairchild Corp.*, 510 F. Supp. 2d at 286. Pasha has not shown any disregard of the law by the Arbitrator – Pasha merely asks the Court to conduct a de novo review of the evidence and to reverse the Arbitrator's determination. Again, that is not a proper basis for vacating an award.

The *Hardy* case cited by Pasha does not apply to the circumstances of this case. In *Hardy*, the District Court concluded that the arbitrator's finding of liability under the doctrine of respondeat superior was contrary to New York law – i.e., the defendant in the case could not have been liable under that doctrine in any event. *Hardy v. Walsh Manning Sec., L.L.C.*, 341 F.3d 126, 130 (2d Cir. 2003). In spite of this clear error of law, the District Court speculated, based on the language of the

award, that the arbitrator probably intended to find the defendant directly liable regardless of whether the doctrine of respondeat superior applied. *Id.* at 131. Rather than ordering that the award be vacated, this Court ordered that the award be returned to the arbitrator for clarification on whether the defendant was liable outside of respondeat superior. *Id.* at 134.

*Hardy* does not apply to this case because there has been no error of law and the District Court did not improperly assume on what basis the Arbitrator made his determination as to Pasha's claims. Instead, the Arbitrator was quite clear as to the bases for his determinations. As set forth above, Pasha has not identified any error in law or disregard of Delaware law by the Arbitrator. Pasha, again, only asks the Court to reject precedent and apply the impermissible manifest disregard of the evidence standard. As discussed above, Pasha's attempt to gin up some disagreement between what the Arbitrators found and how the District Court interpreted it is based purely on Pasha's self-serving speculation about what the Arbitrator meant or did not mean. Also as discussed above, even if there was some misinterpretation, it would not matter, as the result would be the same either way.

### F.     Pasha Misrepresents the Record by Claiming That the Arbitrator Found in His Favor But Failed to Award Damages

In his statement of facts, Pasha asserts that the Arbitrator "Found in Favor of Pasha But Failed to Award Pasha Any Damages." (Appellant Brief at 9.) This is a misleading description of the Arbitrator's Award. The Arbitrator did find in favor of Pasha <u>as to Jansheski's claims</u> against Pasha. (AA-74.) There would be no damages to award to Pasha on those claims since they were Jansheski's claims. The only claims where damages could have been awarded to Pasha were Pasha's counter-claims against Jansheski. The Arbitrator did not, however, find in favor of Pasha on any of Pasha's counter-claims. Instead, the Arbitrator found in favor of Appellees on all of Pasha's counter-claims. (AA-74-75.)

Pasha unfortunately took the same approach before the District Court in attempting to argue that he should be given credit for prevailing on his claims so long as he proved most, but not all, of the elements of his claims. As discussed above, Pasha had the burden to prove existence and amount of damages as an element of his contract claims. Contrary to Pasha's suggestion that a finding of breach requires a finding of damages, Delaware law holds that even in the event of a breach, if the plaintiff fails to prove damages, there is no valid contract claim.[10]

---

[10] Pasha admits that he did not seek nominal damages and does not seek them now. (Appellant Brief at 22). Nonetheless, Pasha tries to avoid his waiver of

*Kronenberg*, 872 A.2d at 606-609. When it comes to proving the elements of a claim for breach of contract, or any claim, two out of three is bad – it is, in fact, fatal. *See id.* The Arbitrator did not impose his own notions of justice in this case – he merely applied Delaware law. There also is nothing left over to decide. The Arbitrator did not fail to resolve the issue of damages, as Pasha claims, (Appellant Brief at 40-41). Instead, the Arbitrator resolved the breach of contract claims and found they lacked merit because Pasha had failed to prove all necessary elements of the claim. There can be no suggestion, implied or otherwise, that the Arbitrator somehow forgot to award the damages that Pasha failed to prove. That Pasha forgot to prove one of the elements of his claims does not leave an issue open for further arbitration – it merely means, as it does for all litigants, that Pasha loses on his claims.[11]

---

the issue by insisting later in the brief that there should have at least been nominal damages. (Appellant Brief at 40.) Pasha never sought nominal damages and cannot seek them now. At any rate, nominal damages are not required under Delaware law and are discretionary. *Palmer v. Moffat*, CIV.A.01C-03-114JEB, 2004 WL 397051 (Del. Super. Feb. 27, 2004). The Arbitrator had no obligation to award nominal damages in any event.

[11] Pasha complains that the Arbitrator failed to request evidence of damages. (Appellant Brief at 41.) Pasha cites no authority, and we are aware of no such authority, for the proposition that an Arbitrator, during the arbitration, has an obligation to proactively inform parties of deficiencies in their case and request that they provide evidence on elements of claims not yet proven. Pasha was given every opportunity to make his case and have his claims heard. Blaming the

Pasha's suggestion that the District Court did not consider the element of damages, (Appellant Brief at 26), is not credible. The District Court discussed at length Pasha's failure to provide evidence of damages and explicitly premised the denial of Pasha's petition on the Arbitrator's determination that Pasha had failed to provide sufficient evidence of damages. (SA-8-11.) The District Court even recited the elements of a claim for breach of contract claim and went out of its way to emphasize the element of damages. (SA-10.) The District Court did not ignore the "voluminous record of damages" as Pasha claims. (*See* Appellant Brief at 26.) The District Court simply and properly obeyed this Court's command that manifest disregard of the evidence is not a proper basis to overturn an arbitral award and that federal courts are not empowered to overturn an arbitrator's finding of fact merely out of disagreement with the conclusions reached.

The *Coca-Cola Bottling Co., Consol., Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen, & Helpers, Local Union No. 991*, 506 F. Supp. 2d 1052, 1053 (S.D. Ala. 2007), case cited by Pasha does not help his argument. The arbitrator in that case actually found the defendant liable and granted damages, but just did not state an amount awarded. *Id.* The district court remanded to the arbitrator for clarification. *Id.* In *Olympia & York Florida Equity Corp. v. Gould*,

---

Arbitrator for not reminding him of the need to provide evidence of all elements of his claims is inappropriate.

776 F.2d 42, 46 (2d Cir. 1985), cited by Pasha, the district court again dealt with an award where liability had been found but concluded that the arbitrator had failed to address a matter that resulted from that finding of liability that would be necessary to calculate damages. Both cases are distinguishable.

Here, the Arbitrator resolved all issues presented to him: he found that both parties did not have any valid claim for damages. There is nothing left to resolve – the Arbitrator fully resolved all claims and did so explicitly. That is all the Arbitrator must do to have a complete and final arbitral award. *See Banco de Seguros del Estado*, 344 F.3d at 262. The *Clarendon Nat'l Ins. Co. v. TIG Reinsurance Co.*, 990 F.Supp. 304, 311 (S.D.N.Y. 1993), case cited by Pasha is distinguishable for the same reason.

The *Cofinco, Inc. v. Bakrie & Bros., N. V.*, 395 F. Supp. 613, 616 (S.D.N.Y. 1975) case cited by Pasha is also irrelevant here. In that case the district court concluded that an arbitral appeal panel had improperly made a ruling on the merits without allowing a proper evidentiary hearing in the first instance. *Id.* The *Cofinco* case has nothing to do with Pasha's argument here, as Pasha does not in any way suggest that he was denied an evidentiary hearing in the first instance.

Again, that Pasha wishes the Arbitrator had found differently does not mean that an issue has been left open. And again, under Delaware law, even if there is a

breach, the failure to provide sufficient evidence of damages is fatal to the claim. *Kronenberg*, 872 A.2d at 606-609. Pasha is asking the Court to give him a second chance to prove what he failed to prove in the first instance. A litigant's desire to fix their error in failing to prove one of the elements of their claims is not listed in the FAA as a basis for vacating or correcting an arbitral award. *See* 9 U.S.C. § 10.

## G.     There is Nothing Left Open to Decide Based on a Future Agreement Not Yet Created

Pasha argues that he "may yet be able to claim a breach of the Transfer Agreement once the condition of 'an amended or replacement joint venture agreement' takes place," and that as a result some issue was left open. As an initial matter, the Arbitrator finally decided all claims actually presented to him, and thus the award is final and definite. *See Banco de Seguros del Estado*, 344 F.3d at 262. The fact that there <u>might</u> be some future litigation over the issue of completing the future joint venture agreement is not a basis to vacate or correct an arbitral award. *Rocket Jewelry Box, Inc.*, 157 F.3d at 177 (holding that an arbitration need not resolve "every outstanding issue that might arise in later litigation between the parties" to be final). Neither the Court nor the Arbitrator may resolve speculative future disputes that are not presently ripe for determination. *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 92 (2d Cir. 2002).

**H.      There Is Nothing Contradictory About the Award**

Pasha complains that the Final Award is contradictory because the Arbitrator found that the contract is enforceable but did not award damages. Pasha's argument on this point is irrelevant. A finding that a contract is enforceable does not automatically mean that there has been a breach of contract or that damages have been suffered. *See Kronenberg*, 872 A.2d at 606-609. The presence of an enforceable contract is just the first element of a breach of contract claim, it is not the only element. Pasha failed to prove all elements of his claims. As a result, he is not entitled to relief. Again, there is no award for proving <u>most</u> of the elements of a claim, and certainly nothing in the FAA that allows a court to give a litigant a second bite at the apple when they realize they failed to prove their case in the first instance.

## CONCLUSION

There simply is no basis for vacating or correcting the award under the FAA. Pasha has failed to identify or establish the existence of grounds sufficient to overturn the Arbitrator's thorough Award. Instead, Pasha merely relies on an attempt to circumvent this Court's rule that manifest disregard of the evidence is not a proper basis for overturning an arbitral award. Pasha's arguments over the evidence are unavailing and may not serve to overturn the Arbitrator's Award. The

District Court's denial of the Petition to Vacate or Correct the Arbitrator's Award should be affirmed.

For all the reasons set forth above, Appellees respectfully request that the Court affirm the District Court's denial of Appellant's Petition to Vacate or Correct.

Dated: November 4, 2014

By:  /s/ Philip J. Layfield

PHILIP J. LAYFIELD
LAYFIELD & WALLACE
9170 Irvine Center Drive, Suite 100
Irvine, California 92618
(310) 219-6518

– and –

DONALD DINAN
ROETZEL & ANDRESS, LPA
600 14th Street, NW, Suite 400
Washington, DC 20005
(202) 625-0600

*Attorneys for Respondents-Appellees*

## CERTIFICATION OF COMPLIANCE WITH RULE 32(A)

I, Philip J. Layfield, hereby certify that:

1. This brief, containing, in pertinent part, 9,416 words, complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure.

2. This brief complies with the requirements of Rule 32(a)(5) and (6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point font with Times New Roman font.

Dated: November 4, 2014

By:  /s/ Philip J. Layfield

PHILIP J. LAYFIELD
LAYFIELD & WALLACE
9170 Irvine Center Drive, Suite 100
Irvine, California 92618
(310) 219-6518

– and –

DONALD DINAN
ROETZEL & ANDRESS, LPA
600 14th Street, NW, Suite 400
Washington, DC 20005
(202) 625-0600

*Attorneys for Respondents-Appellees*